UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT ROBLES HERNANDEZ, JR., | No. C-12-1159 EMC (pr) |
|     Plaintiff, | |
|     v. | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| PERN. AND SHOUWN, | |
|     Defendants. | |

Gilbert Robles Hernandez, Jr., an inmate at the Kern Valley State Prison, filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A, which requires the Court to conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A claim that is incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989).

The complaint in this action is incomprehensible and therefore subject to dismissal as frivolous under § 1915A. In the portion of the form complaint where the Plaintiff is directed to write a statement of his claim, Hernandez wrote: "Case being caution seeing. Now's the time." Complaint, p. 3. Other notations made by Hernandez on the form complaint are equally meaningless.

Before dismissing the action, however, the Court will give Hernandez an opportunity to file an amended complaint that states a claim. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). For each instance of a constitutional violation, Hernandez should name each person who violated his constitutional right(s), describe what each person did or failed to do that caused a violation of his constitutional right(s), state at which institution the violation occurred, and state when the violation occurred.

For the foregoing reasons, the complaint is **DISMISSED** with leave to amend. An amended complaint must be filed no later than **July 27, 2012**. The amended complaint must include the caption and civil case number used in this Order and the words AMENDED COMPLAINT on the first page. Failure to timely file the amended complaint will result in the dismissal of this action.

Finally, the *in forma pauperis* application submitted by Hernandez was incomplete because it did not have attached to it a "certified copy of the trust account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint" as required by 28 U.S.C. § 1915(a)(2). No later than **July 27, 2012**, Hernandez must complete the application by filing a copy of his prisoner trust account statement showing transactions for the last six months, with a certificate of funds in his trust account that has been signed by an authorized officer at the prison.

IT IS SO ORDERED.

Dated: June 22, 2012

_____
EDWARD M. CHEN
United States District Judge

2